UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORSANDRA D. W.[1],

                 Plaintiff,

v.	CASE # 19-cv-01233

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER<br>  Counsel for Plaintiff<br>6000 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | HEATHER L. GRIFFITH, ESQ.<br>JUSTIN LANE MARTIN, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

### MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this order.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on November 10, 1982 and has at least a high school education. (Tr. 722, 730). Generally, plaintiff's alleged disability consists of neuropathy in feet and legs, sleep apnea, asthma and bronchitis, chest pains, lower back pain, and difficulty standing/sitting for long periods. (Tr. 729). Her alleged onset date of disability is September 12, 2014. (Tr. 722). Her date last insured is December 31, 2019. (*Id.*).

### B. Procedural History

On October 7, 2015, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 713). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On January 12, 2018 plaintiff appeared before the ALJ, Brian Battles. (Tr. 469-506). On June 26, 2018, ALJ Battles issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 443-459). On July 15, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant engaged in substantial gainful activity during the following periods: 10 months of 2015 and May 2016 through November 2016 (20 CFR 404.1520(b) and 404.1571 *et seq.*)

3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: planta fasciitis, degenerative disc disease, cardiomyopathy, asthma, obesity, affective disorder, and anxiety disorder. (20 CFR 44.1520(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526).

6. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally push, pull, and operate foot controls with the bilateral lower extremities. The claimant can occasionally balance, stoop, kneel, crouch and crawl, occasionally climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds. The claimant cannot work in hazardous environments such as at unprotected heights or around dangerous machinery and open flames. The claimant is limited to unskilled, simple, routine, and repetitive tasks and can work in a low stress job, defined as only making occasional decisions and tolerating only occasional changes in the work setting. The claimant can have no more than occasional contact with supervisors, coworkers and the public with respect to performing work related duties. The claimant must be in a position that, in addition to normal breaks, allow the person to stand for 5 minutes after sitting 30 minutes throughout the workday while remaining at the workstation.

7. The claimant is unable to perform past relevant work (20 CFR 404.1565).

8. The claimant was born on November 10, 1982 and was 31 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports that the claimant is "not disabled," whether or not she has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a)).

12. The claimant has not been under a disability, as defined in the Social Security Act, from September 12, 2014, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 443-59).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to properly consider the opinion of treating physician Dr. Daniel Molloy. Second, the Appeals Council failed to properly evaluate submitted medical opinions. Third, the ALJ's residual functional capacity was not supported by substantial evidence. (Dkt. No. 11 at 1 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

In response, defendant offers three countering arguments. (Dkt. No. 18 [Def.'s Mem. of Law]). First, defendant contends the ALJ provided good reasons for discounting Dr. Molloy's treating source opinion.  (Dkt. No. 18 at 8). Second, new evidence submitted to the Appeals Council does not provide a basis for remand. (*Id.* at 14). Third, the sit/stand option the ALJ included in the RFC is supported by substantial evidence. (*Id*. at 20).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

4

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's

determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

In connection with the request for review by the Appeals Council (AC) plaintiff submitted approximately 600 pages of medical records and documents[2]. Some records pre-dated the hearing, some were duplicate copies of treatment notes that were already included in the administrative record, and there were six opinions from treating and examining sources. The newly submitted opinions included the following:

- James Stephen, M.D., dated July 9, 2015 (Tr. 561-64);
- Michael Godzala, M.D., dated March 18, 2016 (Tr. 567-68);
- Pratibha Bansal, M.D., dated February 24, 2016 (Tr. 571-72);

---

[2] It is noteworthy that plaintiff made the request for review of the hearing decision and not the representative that was present at the hearing. Plaintiff's new representative was appointed on September 27, 2018 when the case was pending before the Appeals Council and submitted this evidence.

- Jiyeon Jung, M.D., dated February 2, 2016 and July 18, 2017 (Tr. 575-76, 583-84);
- Dr. Molloy, dated July 24, 2017 (Tr. 582).

As stated in the procedural history, the AC denied plaintiff's request for further review of the ALJ's decision. (Tr. 1-6). The denial letter to plaintiff from the AC stated in part:

> You also submitted medical records from Best Self Behavioral Health dated January 12, 2016 through September 18, 2018 (48 pages); medical records from Jerry Tracy, M.D. dated March 23, 2015 through August 30, 2017 (37 pages); medical records from Trinity Medical Cardiology Cheektowaga dated April 13, 2018 through April 20, 2018 (5 pages); medical records from Sisters of Charity Hospital dated January 4, 2014 through August 7, 2018 (423 pages); and medical records from Erie County Department of Social Services Office of Counsel dated June 30, 2015 through July 23, 2018 (35 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted a prescription from Michael Godzala dated September 18, 2018 (2 pages) and a Notification of Temporary Assistance Work Requirements Determination dated August 7, 2018 (2 pages). The Administrative Law Judge decided your case through June 26, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 26, 2018. (Tr. 2).

Plaintiff argues the AC erred in denying review of the ALJ's decision because it failed to give good reasons for its rejection of the medical opinions received.

When reviewing a denial of DIB, the Appeals Council will consider new and material evidence if it relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision. *Gurnett v. Berryhill*, No. 16-CV-955-FPG, 2018 WL 3853387, at *3 (W.D.N.Y. Aug. 14, 2018) (quoting 20 C.F.R. § 404.970(b) (internal quotation marks omitted)). Where "the additional evidence undermines the ALJ's decision, such that it is no longer supported by substantial evidence, then the case should be reversed and remanded." *Lofton v. Berryhill*, No. 17-CV-6709-JWF, 2019 WL 1244055, at *2 (W.D.N.Y. Mar. 18, 2019).

The opinions specifically from Dr. Michael Godzala and Dr. Daniel Molloy are at odds with the ALJ's RFC determination in several important respects. Drs. Molloy and Godzala are treating physicians of plaintiff, the former being is a physician at St. Vincent Health Center and the latter is a psychiatrist at Lakeshore Behavioral Health. (Tr. 1247, 1190). The ALJ found that plaintiff is capable of occasional contact with supervisors and coworkers and the public and is limited to unskilled, simple, routine, and repetitive tasks in a low stress job. (Tr. 452). In contrast, Dr. Godzala found that plaintiff is "very limited" in her ability to make simple decisions, understand and remember instructions, maintain attention and concentration, interact appropriately with others, and function in a work setting at a consistent pace. (Tr. 568). Similarly, the ALJ found that plaintiff is capable of working with a sit/stand option that "in addition to normal breaks, allow[s] the person to stand for 5 minutes after sitting for 30 minutes throughout the workday." (Tr. 452). However, Dr. Molloy assessed plaintiff with, among other things, moderate limitations in walking, standing, sitting, using hands, and ability to function in a work setting at consistent pace. (Tr. 582). Plaintiff argues the AC used boilerplate language without further explanation for rejecting the post-hearing evidence, including opinion evidence. Defendant responds that the AC is not required to provide any explanation and further suggested post-hoc rationalizations for why the opinion evidence was not relevant. *See, Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (citations omitted). Defendant does not argue the evidence is not new but that it would not alter the weight of the evidence so dramatically as to require a different result. (Dkt. No. 18 at 16).

20 C.F.R. § 404.1527 provides that, for all claims filed before March 27, 2017, the opinion of a treating medical source is given controlling weight if it is well supported by medical findings

and not inconsistent with other substantial evidence. *See also Green–Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). "When the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow," and "will always give good reasons in [its] notice of determination or decision for the weight [given to the] treating source's opinion." *Stadler v. Barnhart*, 464 F. Supp.2d 183, 188 (W.D.N.Y. 2006) (quoting 20 C.F.R. § 404.1527(d)(2) and (f)(3)). There was clearly no substantive analysis provided by the AC regarding the six opinions.

As discussed in a similar case, there may be reasons why the submitted medical source statements are not new and material or would not change the outcome of the decision, but it is the duty of the AC to specify what those reasons are. *Faro v. Comm'r of Soc. Sec.,* No. 6:19-CV-6479 (CJS), 2020 WL 5361668, at *3 (W.D.N.Y. Sept. 8, 2020). Although the Court will routinely review the record to decide whether the additional evidence would impact the outcome, here there are over 600 pages of documents, including the six opinions from treating sources which are voluminous, complex, and at times conflicting. In this case, the Court can only speculate how the AC considered the opinion evidence as the superficial letter to the plaintiff did not even identify any of the additional evidence as medical opinions. (Tr. 2). "The Appeals Council's perfunctory statement declining to review this material essentially leaves the Court without any idea as to whether the Council's ruling was correct, and with no way to make that determination except to scrutinize the records on its own. This the Court declines to do." *Mendez v. Comm'r of Soc. Sec.*, No. 17-cv-6824-CJS, 2019 WL 2482187, at *4 (W.D.N.Y. June 14, 2019). Accordingly, the Court concludes that this matter must be remanded to the Commissioner for appropriate consideration of the treating source opinions submitted to the Appeals Council. Additional arguments will not be addressed. *Morales v. Colvin*, No. 13-CV-06844 (LGS)(DF), 2015 U.S. Dist. LEXIS 58246, at

*80 (S.D.N.Y. Feb. 10, 2015) (The court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 U.S. Dist. LEXIS 58203 (S.D.N.Y. May 4, 2015).

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order**.**

Dated: March 24, 2021　　　　　　　　　　　　　*J. Gregory Wehrman*
Rochester, New York　　　　　　　　　　　　　HON. J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge